UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLIE WAYNE BYRD,

    *Petitioner*,

v.                                    Civil Action No. 22-cv-2448 (UNA)

U.S. DEPARTMENT OF JUSTICE *et al.*,

    *Respondents*.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Petitioner's *pro se* Petition for Writ of Mandamus and Application for Leave to Proceed *in forma pauperis*. *See generally* ECF No. 1 (Petition); ECF No. 2 (Application to Proceed *in forma pauperis*). Upon review of the record and the relevant law, the Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss "as soon as practicable" a prisoner's case against a governmental entity if it determines that the complaint fails to state a claim upon which relief may be granted.

Petitioner is an Oklahoma state prisoner who is an enrolled member of the Cherokee Nation. *See* Pet. at 1. He alleges that the Oklahoma court lacked "criminal jurisdiction" and thus seeks a writ of mandamus to compel the U.S. Departments of Justice and Interior to investigate his prosecution, conviction, and incarceration. *See id.* at 1, 2-3. Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *See Council of and for the Blind of Del. Cnty. Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).

To the extent that Petitioner seeks a federal court judgment ordering his release from state custody, he has an available remedy in habeas. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citation omitted)); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). And where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *See Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988).

To the extent that Petitioner asks this Court to order the Department of Justice to open a criminal investigation and/or prosecution, it is well-established that the federal courts are powerless to order such relief in a mandamus action under § 1361. *See Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 380–81 (2d Cir. 1973); *Newman v. United States*, 382 F.2d 479, 481 (D.C. Cir. 1967) (Burger, J.) ("It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary power of the attorneys of the United States in their control over criminal prosecutions.").

For the foregoing reasons, the Court is constrained to dismiss the Petition. A separate Order shall issue this day.

FLORENCE Y. PAN
United States District Judge

Date: August 31, 2022